NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTA SHERRY KEIFER, | No. 18-16019 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00332-EDL |
| v. | MEMORANDUM[*] |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted December 2, 2019
San Francisco, California

Before: LUCERO,[**] CALLAHAN, and BADE, Circuit Judges.

Roberta Keifer appeals the district court's affirmance of the Commissioner

of Social Security's denial of Disability Insurance Benefits for the period between

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

April 6, 2009, and November 1, 2014.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

We review de novo a district court's affirmance of the decision of an

Administrative Law Judge ("ALJ").  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir.

2007).  A denial of benefits may be set aside only if "the ALJ's findings are based

on legal error or are not supported by substantial evidence in the record as a

whole."  Id. (quoting Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999)).

"Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion."  Id.

Keifer challenges the ALJ's failure to reconcile inconsistencies between the

Department of Labor's Dictionary of Occupational Titles ("DOT") and vocational

expert ("VE") testimony.  The ALJ found Keifer's residual functional capacity

limited her to jobs involving one- to two-step instructions, meaning she was

limited to DOT Reasoning Level 1 jobs.  See Dictionary of Occupational Titles

app. C (4th ed. 1991), 1991 WL 688702 (defining Reasoning Level 1 occupations

as those requiring employees to "[a]pply commonsense understanding to carry out

simple one- or two-step instructions").  The VE testified that Keifer could have

worked as an eye-dropper assembler (Reasoning Level 2), a stuffer (Reasoning

Level 2), or a final assembler (Reasoning Level 1).  Relying on the VE's

testimony, the ALJ found Keifer could have worked in any of these three

18-16019

occupations, even though the occupations of eye-dropper assembler and stuffer require Level 2 Reasoning.

Although the ALJ did not resolve this conflict between the VE's testimony and the DOT, we conclude any error was harmless. See Zavalin v. Colvin, 778 F.3d 842, 846, 848 (9th Cir. 2015) (conducting harmless error review of ALJ's failure to reconcile apparent conflict). The VE's testimony was consistent with the DOT with respect to the occupation of final assembler, and the ALJ found there were a significant number of final assembler jobs—108,750 in the national economy—for which Keifer was qualified. See Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 529 (9th Cir. 2014) (holding 25,000 nationwide jobs significant).

Keifer also challenges the VE's testimony as to job numbers. She did not raise this argument during the administrative hearing. "[W]hen a claimant fails entirely to challenge a [VE]'s job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel." Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017). Keifer was represented by a lay representative eligible for direct payment of fees under the Social Security Act. We conclude she forfeited any challenge to the VE's job numbers because she failed to raise the issue during the administrative hearing.

Even if Keifer's argument were not forfeited, we would affirm. Keifer

contends that the ALJ unreasonably relied on the VE's job-numbers testimony without supporting data and that the testimony conflicts with the Occupational Outlook Handbook published by the Bureau of Labor Statistics. But "an ALJ may rely on a [VE]'s testimony concerning the number of relevant jobs in the national economy, and need not inquire sua sponte into the foundation for the expert's opinion." Id. at 1110; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1155-56 (2019) ("[A] vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data."). Because the ALJ's findings were consistent with the VE's testimony, the ALJ's decision was supported by substantial evidence in the record.

**AFFIRMED**.